IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY TONY SUNDAY, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>AMBASSADOR TEMPORARY )<br>AGENCY, *et al.*, )<br>)<br>   Defendants. ) | CIVIL ACT. NO.  2:13-CV-493-WKW<br>(WO) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Currently pending is the motion to proceed *in forma pauperis* filed by the Plaintiff, Anthony Tony Sunday, *pro se*. (Doc. 2). Upon consideration of the motion, it is

**ORDERED** that the motion to proceed *in forma pauperis* (Doc. 2) be and is hereby **GRANTED**.

Also pending before the court is the plaintiff's motion to amend (Doc. 5). Upon consideration of the motion, it is

**ORDERED** that the motion to amend (Doc. 5) be and is hereby **DENIED**.

Further, upon review of the complaint, the court concludes that this case should be dismissed prior to service without prejudice for lack of subject matter jurisdiction.

**DISCUSSION**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial

power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Therefore, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings." *Id*. at 410.  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

"When a plaintiff makes a plausible argument that a federal statute creates his right to relief, the district court has subject-matter jurisdiction over that complaint." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221 (11th Cir. 2008); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Sunday alleges that, while he was making a delivery to Hyundai Motors in the course of his employment as a truck driver, he was attacked by an employee of another company.  (Doc. 1 p. 3, 5).  Sunday alleges that the Defendants subsequently terminated his employment because he had been in a fight.  (Doc. 1 p. 5). Sunday does not allege that he was terminated because of race, gender, or disability.  Rather, according to Sunday, the firing was wrongful and unfair because he did not start the fight. (Doc. 1 p. 5).  Sunday has not identified any violation of any federal right on which this suit

is based, and the court is aware of none, even though the court takes a liberal view of the complaint in light of Sunday's *pro se* status.  *Cf.* 42 U.S.C.A. § 1983 (providing for redress when a person, acting under color of state law, deprives a person of rights "secured by the Constitution and laws" of the United States); *Nix v. WLCY Radio*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("Title VII is not a shield against any kind of harsh treatment in the workplace. Nor does the statute require the employer to have good cause for its decisions.  The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." (citations omitted)).

In cases that do not seek relief pursuant to the laws and Constitution of the United States, 28 U.S.C. § 1332(a) confers jurisdiction on the federal courts in civil actions "between citizens of different states" in which the jurisdictional amount is met.  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005).  "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."  *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  Sunday, who is presently an inmate incarcerated at the Draper Correctional Facility in Elmore, Alabama, alleges that the Defendants, Ambassador Temporary Agency and Glovis Alabama, are "located in the State of Alabama." (Doc. 1 p. 3, 5).  Thus, it appears from the face of the complaint that complete diversity is lacking.

Sunday has been given an opportunity to demonstrate that diversity jurisdiction exists, but he has not done so. (Docs. 4&5). *See Kokkonen*, 511 U.S. at 377 (holding that "[i]t is to be presumed that a cause lies outside" the limited subject matter jurisdiction of the federal courts, and that the party asserting jurisdiction bears "the burden of establishing the contrary").

On July 18, 2013, this court ordered Sunday to show cause on or before August 1, 2013, explaining the basis on which this federal court has subject matter jurisdiction over the claims alleged in his complaint. (Doc. 4). Sunday filed a response to this court's show cause order which also included a motion to amend the complaint. (Doc. 5). Sunday seeks to amend his complaint to allege that the Defendants' actions violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216, which creates a private right of action against an employer who fails to meet overtime and minimum wage obligations, or who discriminates against an employee for complaining about overtime and minimum wage violations. Nowhere in his complaint or motion to amend does Sunday allege that the Defendants engaged in minimum wage or overtime pay violations or that he ever complained of such violations. Therefore, the motion to amend (Doc. 5) is futile because it does not cure the fatal jurisdictional flaws in the initial complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend a complaint need not be granted if the amendment is futile); *Lanfear*, 536 F.3d at 1221 (holding that a complaint is due to be dismissed for lack of subject matter jurisdiction when the alleged federal claim is immaterial, wholly insubstantial, or frivolous).

4

Accordingly, the motion to amend (Doc. 5) is due to be denied, and the complaint is due to be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be **DISMISSED** prior to service without prejudice for lack of subject matter jurisdiction.

Further, it is

**ORDERED** that on or before August 23, 2013, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

Done this day of 9th day of August, 2013.

                                        /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE